Appeal No. 13-1676

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

DYNETIX DESIGN SOLUTIONS, INC.,
Plaintiff-Appellant

v.

SYNOPSYS, INC.
Defendant-Appellee

Appeal from the United States District Court,
Northern District of California
Case No. 5:11-CV-05973-PSG (Magistrate Judge Paul S. Grewal)

**PLAINTIFF-APPELLANT DYNETIX DESIGN SOLUTIONS, INC.'S
MOTION FOR LEAVE TO FILE EXTENDED BRIEFS
&
DECLARATION OF J. JAMES LI**

**LiLaw Inc., a Law Corporation**
J. James Li, Ph.D. (State Bar No. 202855)
5050 El Camino Real, Ste 200
Los Altos, California 94022
Telephone: 650-521-5956
Facsimile: 650-521-5955

Attorneys for Plaintiff-Appellant Dynetix
Design Solutions, Inc.

# CERTIFICATE OF INTEREST

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedures and Rule 47.4 of the Federal Circuit Rules, it is hereby certified:

1.  The full name of the plaintiff and appellant, represented by the counsel captioned above, is Dynetix Design Solutions, Inc. ("Dynetix").

2. Dynetix is the real party in interest.

3. Dynetix has no parent company, and there is no publicly held corporation that owns 10% or more of its stocks.

4. No other counsels are expected to appear for Dynetix in this appeal.  The following law firms and attorneys have appeared for Dynetix in the District Court:

- J. James Li of the law firm LiLaw Inc.

- Christopher D. Banys, Richard C. H. Lin, Jennifer C. Lu, and Daniel M. Shafer of the law firm Banys PC.

Dated:  October 7, 2013

**LILAW INC.**

By:  /s/ J. James Li

_____

J. James Li, Ph.D

1

## I.    Relief Sought and Meet-and-Confer Conducted

Plaintiff-Appellant Dynetix Design Solutions, Inc. ("Dynetix") hereby

moves this Court for an order granting leave to file extended briefs due to the

exceptional number of important issues on appeal.

Specifically, Dynetix requests that the word limits for its briefs be increased

by 50%, from 14,000 to 21,000 for the opening brief and from 7,000 to 10,500 for

the reply brief.

During the meet-and-confer, Defendant-Appellee Synopsys, Inc.

("Synopsys") expressed its opposition to the Motion and is expected to file a

response to the Motion.

## II.    INTRODUCTION

Although a motion for leave to file extended briefs is normally viewed upon

with disfavor, this appeal is unusual in two ways.  First, it appeals from 14

different orders on diverse subject matters, which were issued over nearly the

entire course of the case.  These orders chipped away from various angles

Dynetix's right to recovery.  Many of the orders are so substantial that normally

each of them could be the subjects of an entire appeal, while Dynetix must brief all

of them in a single appeal.

Second, the numerous issues on appeal are diverse and weighty, requiring

extensive briefing.  Beside the facts that three summary judgment orders and the

six claim constructions at issue would normally occupy a full length brief, there are

many additional issues that are not directly connected with the summary judgment

orders or the claim construction.  For example, on the issues of whether the District

Court erred in excluding Dynetix's doctrine of equivalents case, it requires the

substantial briefing on whether the decision violates Dynetix's constitutional right

to due process, that is, whether the District Court may override the notice pleading

standard using the local rules and impose draconian sanctions not authorized by the

federal rules.   On the issues regarding the exclusion of certain product features and

the denial of leave to amend the infringement contentions under the local rules, it

requires an in-depth discussion of the fundamental questions of how the local rules

should be interpreted in light of the notice pleading standard and the liberal policy

for allowing amendment of the complaint.  The issue regarding the District Court's

decision to allow a settlement agreement into evidence goes to the fundamental

question of whether this Court's recent decision in *ResQNet.com, Inc. v. Lansa,*

*Inc.*, 594 F.3d 860 (Fed. Cir. 2010) overrules the established case law based on

Rule 408 of the Federal Rules of Evidence.  The issues regarding striking

Dynetix's damages expert report based on apportionment and a 50/50 split at the

starting point of the royalty rate analysis are issues of first impression in this Court

and are also part of the hotly-debated subjects in the patent community on how to

properly calculate reasonable royalty.  The issue on whether the District Court

improperly denied a motion to preclude Synopsys's expert from testifying on "pseudoscience" is also an issue of first impression in this Court and goes to the fundamental gate-keeping duty of the District Court. The issues involving the burden of proving a product being a "patented article" under 35 U.S.C. § 287, and regarding the validity of a notice letter for triggering damages, are also issues of first impression before this Court that require extensive briefings. The issue involving the preclusion of a means-plus-function claim, simply because the terms were not construed at the claim construction hearing, also goes to the fundamental issue of due process because of the draconian nature of the sanction. The issue regarding the propriety of the protective order on source code was the subject of an earlier petition for writ of mandamus, which by itself could take a full length brief in a normal appeal. There are also other diverse issues that require extensive briefings, which are further discussed below.

### III.    STATEMENT OF FACTS

In this patent infringement case, Dynetix alleges that Synopsys infringed U.S. Patent No. 6,466,898 (the "898 Patent"). The '898 Patent is about technically-complicated inventions in the area of electronic design automation; specifically, on parallel simulation of electronic designs on multiprocessor platforms.

Early on in this case, through a series of orders on discovery matters and on motions for summary judgment, the District Court significantly limited Dynetix's infringement case. Dynetix was nonetheless prepared to try the remaining issues of infringement and damages until the District Court issued a series of pretrial orders. These pretrial orders further limited Dynetix's case on both the liability and damages matters. They were the last nails on the coffin that rendered the scheduled trial meaningless because essentially all of Dynetix's rights to recovery were chipped away from various angles. Consequently, Dynetix agreed with Synopsys to enter a stipulated judgment of non-infringement for the purpose of appealing these decisions. After the entry of the final judgment according to the stipulation, Dynetix filed a Notice of Appeal on September 23, 2013, and an amended Notice of Appeal on September 24, 2013.

There are a total of 14 judgments and orders from which the appeal is taken. *See* Li Decl. Ex. 1. These orders include the pretrial orders that triggered the stipulated judgment and the earlier orders that severely limited Dynetix's case.

On appeal, numerous issues are expected to be raised, including:

1.    Whether the District Court erred in construing 6 claim terms of the '898 Patent: (a) "pre-examining each user-specified HDL source file" in claim 1; (2) "common design database" in claim 1; (3) "to create a master thread and a plurality of slave threads" in claim 1; (4) "to achieve linear to super-linear scalable

performance speedup" in claim 1; (5) "specify remote hosts" in claim 19; (6) "achieving super-linear scalable simulation" in claims 36 and 45;

2.    Whether the District Court erred in the following evidentiary decisions impacting Dynetix's damages case:

    a.    Exclusion of pre-filing damages despite an earlier notice letter and despite the fact that there is no adequate proof of the failure to mark;

    b.    Admission of the lack of a marking argument on products that have not been shown to be patented articles;

    c.    Admission of the settlement agreement between Dynetix and a third party; and

    d.    Preclusion of Dynetix's damages expert testimony.

3.    Whether the model Jury Instruction of the Northern District of California on reasonable royalty should be modified to conform to the established law.

4.    Whether the District Court erred in the following decisions that severely limit Dynetix's infringement case:

    a.    Exclusion of the doctrine of equivalents based on Dynetix's Infringement Contentions under the District Court's Patent Local Rules;

    b.    Exclusion of the infringing features "parallel compile" and "Hidden

Autopartitioning" based on Dynetix's Infringement Contentions under the District Court's Patent Local Rules;

c.  Exclusion of portions of Dynetix's infringement expert testimony regarding the doctrine of equivalents, parallel compile, and Hidden Autopartitioning; and

d.  Exclusion of claim 45 because it includes means-plus-function terms not covered in the claim construction proceeding.

5.  Whether the District Court erred in excluding Dynetix from introducing evidence of withheld or concealed documents.

6.  Whether the District Court erred in allowing the following items into evidence:

a.  Synopsys's damages expert's testimony where he relied on pseudo-sciences;

b.  Synopsys's technical expert's testimony on parallel simulation despite his lack of the requisite qualification;

c.  Synopsys's invalidity expert's testimony regarding an alleged prior art product, Speedwave MT, where he relied on nothing but his own recollection for a crucial element of the asserted claims;

d.  Speedwave MT as a prior art where no contemporaneous documentations on the prior art have been produced;

    e.  Synopsys's employee's lay opinion testimony on the meaning of the source code on which he has no personal knowledge.

    f.  Synopsys's witnesses that were only disclosed on the day of the discovery cut-off without substantial justification.

7.    Whether the District Court erred in the following summary judgment decisions:

    a.  Non-infringement on the Application-Level Parallelism ("ALP") based on the term "to create a master thread and a plurality of slave threads" in claim 1;

    b.  Non-infringement on the ALP based on the term "to achieve linear to super-linear scalable performance speedup" in claim 1;

    c.  Non-infringement on VCS Cloud.

8.    Whether the District Court erred in denying the leave to supplement infringement contentions regarding the remote access and parallel partition features of the infringing product VCS.

9.    Whether the District Court erred in the following discovery decisions:

    a.  Denying Dynetix's motion to compel Synopsys to produce test documents on customer designs;

    b.  Denying Dynetix's motion to compel Synopsys to produce version control information of VCS;

    c. Denying Dynetix's motion to compel the nonparty Intel to produce the past simulation scripts and to attend another day of deposition;

    d. Denying Dynetix's motion to compel the nonparty Nvidia to produce the past simulation scripts;

    e. Limiting Dynetix's deposition of Manoj Gandhi to 4 hours based on the so-called Summit Deposition doctrine.

    f. Denying Dynetix's motion for a monetary sanction regarding the concealment of design specifications

10. Whether the District Court erred in adopting the District Court's Model Protective Order for protecting source code without proper evidentiary proof of the necessity of such protection.  Specifically, Dynetix will present the following sub-issues:

    a. May a District Court shift the burden of proving good cause - for entry of a protective order under FRCP 26(c) - to the party who opposes the protective order pursuant to the model protective order used in the District Court (the "Model PO")?

    b. May the District Court require a party who opposes an <u>optional</u> provision of the Model PO to show good cause as to why the <u>optional</u> provision should not be adopted?

    c. May a District Court enter a protective order that forces a party to

surrender its attorney-work-product, without stating any reason or justification, simply because it is an optional provision of the Model PO?

d.  Did the District Court err in adopting the protective order proposed by Defendant Synopsys, Inc. ("Synopsys"), without requiring Synopsys to show good cause, simply because the proposal was based on the Model PO?

e.  Did the District Court err in its failure to apply the balancing test under the Ninth Circuit law when rejecting the protective order proposed by Petitioner Dynetix?

Issue No. 10 regarding the Model PO was the subject of a petition for a writ of mandamus filed on May 22, 2012 (the "Petition"), which was denied on August 2, 2012 on a procedural ground.  *See In Re Dynetix Design Solutions Inc.*, 473 Fed. Appx. 896 (Fed. Cir. 2012).  The text of the Petition contained 8,657 words as counted by Microsoft Word, which was used to create the Petition.

## IV.   ARGUMENT

In filing the instant motion, Dynetix is mindful of this Court's admonition that motions for leave to file extended briefs are viewed upon "with disfavor" and only granted "for extraordinary reasons."  Fed. Cir. R. 28(c).  However, when a

requisite showing is made, such motions should be granted. *See Astra Aktiebolag v. Andrx Pharms., Inc.* (In re Omeprazole Patent Litig.), 2003 U.S. App. LEXIS 27948 (Fed. Cir. 2003) (increasing the word limit to 18,000 where the party showed it had to respond to three briefs).

The unusual situation in this Appeal is that there are at issue a total of fourteen orders issued through the course of litigation, some of which address numerous issues. The reason for raising all of these issues on appeal is that the District Court slowly and gradually chipped away Dynetix's case, initially with orders on summary judgment and various discovery orders, and eventually with a multitude of pretrial rulings and the final claim construction order. Although any one of these orders would not end Dynetix's case, their combination rendered Dynetix's case meaningless, hence the stipulated judgment. Therefore, every one of the orders must be properly appealed.

Many of the issues on appeal are weighty; each of them may take a full-length appeal brief to address in a normal situation:

- The issues regarding the exclusion of the doctrine of equivalents case go to the level of constitutional due process, i.e., whether the District Court may override the notice pleading standard using the local rules and impose draconian sanctions not authorized by the federal rules.

- The issues regarding the exclusion of certain product features and rejection of leave to amend the infringement contentions under the local rules go to the fundamental questions of how the local rules should be interpreted in light of the notice pleading standard and the literal policy for allowing amendment of a complaint.

- The issue regarding the District Court's decision to allow a settlement agreement into evidence goes to the fundamental question of whether this Court's recent decision in *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 (Fed. Cir. 2010) overrules the established case law based on Rule 408 of the Federal Rules of Evidence.

- The issues regarding striking Dynetix's damages expert report based on apportionment and a 50/50 split at the starting point are issues of first impression in this Court and also part of the hotly-debated subjects in the patent community on how to properly calculate reasonable royalty.

- The issue on whether the District Court improperly denied the motion to preclude Synopsys's technical expert from testifying on parallel processing for his lack of expertise in this area goes to the fundamental gate-keeping duty of the District Court, which is an issue of first impression before this Court.

- The issue on whether the District Court improperly denied the motion to preclude Synopsys's expert from testifying on "pseudoscience" is also an issue of first impression in this Court.

- The issues involving the burden of proving a product being a "patented article" under 35 U.S.C. § 287, and regarding the validity of a notice letter for triggering damages, will be issues of first impression before this Court that require extensive briefings.

- The issue of excluding claim 45 simply because its means-plus-function claim terms were not construed during the claim construction hearing goes to the issue of due process and the use of draconian sanctions on essentially a legal matter regarding jury instructions.

- The issue of whether a model protective order for protecting source code may be adopted without a sufficient showing of good cause is an issue of first impression in this Court.  The issue contains so many sub-issues that it required a brief of 8,657 words in Dynetix's failed petition for a writ of mandamus on the same subject matters.

- There are many discovery issues that present the fundamental question of whether a District Court may refuse to compel the production of highly relevant evidence, based on perceived burdens on Synopsys, and whether such decisions impinge upon Dynetix's

constitutional right of due process and the right of confrontation. One of the discovery issues also presents a question of first impression before this Court on the validity of the so-called Summit Deposition doctrine in light of the fact that the executive in question is a material witness to testify at the trial.

- There are three separate summary judgment rulings that involve different features of two products: VCS and VCS Cloud in their entirety. There are also 6 material terms for which the claim constructions are at issue on appeal. Some of the terms were decided in view of prior art, which requires a substantive discussion of prior art references at issue.

In light of these diverse and yet important issues, Dynetix respectfully requests that the Court increase the word limit for the opening brief from 14,000 to 21,000.

## V.    CONCLUSION

For the foregoing reasons, Dynetix's Motion for Leave to File an Extended Brief should be granted. The opening brief word limit should be increased to 21,000, and the reply brief to 10,500.

## VI.    DECLARATION OF J. JAMES LI, PH.D.

I, J. James Li, state and declare:

1.  I am the lead counsel for Plaintiff-Appellant Dynetix Design Solutions, Inc.  I have the personal knowledge as to the facts stated in Dynetix's Motion for Leave to File an Extended Brief (the "Facts").

2.  Attached as Exhibit A is a true and correct copy of Dynetix's amended notice of appeal filed on September 24, 2013.

I declare under the penalty of perjury under the laws of the United States that the Facts are true and correct to the best of my knowledge.  This Declaration is executed on October 7, 2013 in Los Altos, California.

/s/ J. James Li

_____

J. James Li, Ph.D.

**DYNETIX DESIGN SOLUTIONS, INC. v. SYNOPSYS, INC.**

**2013-1676**

**CERTIFICATE OF SERVICE**

 I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within cause. I am an attorney with LiLaw, Inc., whose business address is 5050 El Camino Real, Suite 200, Los Altos, CA 94022, and am filing and serving the following:

**PLAINTIFF-APPELLANT DYNETIX DESIGN SOLUTIONS, INC.'S MOTION FOR LEAVE TO FILE EXTENDED BRIEFS & DECLARATION OF J. JAMES LI**

 I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on October 7, 2013.

 Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

 I further certify that copies of the foregoing document are being served via email per parties' agreement on the following counsel on October 7, 2013:

Chris R. Ottenweller
I. Neel Chatterjee
Synopsys@orrick.com
ORRICK
Attorneys for Appellee Synopsys, Inc.

Dated: October 7, 2013       ___/s/ J. James Li_____
                J. James Li

# Exhibit A

1    **LiLaw Inc., a Law Corporation**
     J. James Li (SBN 202855)
2    5050 El Camino Real, Suite 200
     Los Altos, California 94022
3    Telephone: (650) 521-5956
     Facsimile: (650) 521-5955
4    Email: lij@lilaw.us

5    Attorneys for Plaintiff Dynetix Design Solutions Inc.

6

7

8                      **UNITED STATES DISTRICT COURT**

9                     **NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

12

13   DYNETIX DESIGN SOLUTIONS INC., a          Case No. CV11-05973 PSG
     California corporation,
14                                             **[Corrected] NOTICE OF APPEAL**
                   Plaintiff,
15
          vs.
16                                             **Court: Courtroom 5 - 4th Floor**
     SYNOPSYS INC., a Delaware corporation, and   **Judge: Hon. Paul S. Grewal**
     DOES 1-50
17
                   Defendants.
18

19   SYNOPSYS INC.,

20                 Counterclaimant,

21        vs.

     DYNETIX DESIGN SOLUTIONS INC.,
22
                   Counter-Defendant.
23

24

25

26

27

28
                                                        Case No. CV11-05973 PSG



                            NOTICE OF APPEAL

TO ALL PARTIES AND THEIR COUNSELS:

Notice is hereby given that Dynetix Design Solutions Inc., the Plaintiff and Counter-Defendant in the above captioned case, hereby appeals to the United States Court of Appeals for the Federal Circuit from the following judgment and orders:

1. The final judgment (9/16/2013, Dkt. No. 606).

2. Final Claim Construction Order (9/11/2013, Dkt. No. 603).

3. Order Re: Trial Procedures (8/23/2013, Dkt. No. 570).

4. Order Granting Motion to Exclude Opinions and Testimony of Plaintiff's Damages Expert (8/22/2013, Dkt. No. 564).

5. Order on Motions in Limine (8/22/2013, Dkt. No. 563).

6. Order Re: Final Claim Construction Rulings (8/21/2013, Dkt. No. 559).

7. Order Denying Plaintiff's Motion for Reconsideration (7/11/2013, Dkt. No. 450).

8. Order Granting-in-Part Defendant's Motion for Summary Judgment of Non-Infringement of VCS Multicore and Granting Motion for Summary Judgment of Non-infringement of VCS Cloud (5/14/2013, Dkt. No. 362).

9. Order Re Discovery Motions (4/12/2013, Dkt. No. 332).

10. Order Granting-in-Part Defendant's Motion for Summary Judgment (3/31/2013, Dkt. No. 297).

11. Order Granting Dynetix's Second Motion to Compel (3/7/2013, Dkt. No. 259).

12. Order Granting-in-Part Dynetix's First Motion to Compel (2/28/2013, Dkt. No. 256).

13. Order Denying Plaintiff's Motion for Leave to Supplement Its Infringement Contentions (12/3/2012, Dkt. No. 166).

14. Order Granting Synopsys, Inc.'s Motion for Entry of a Protective Order; Oder Denying Dynetix Design Solutions, Inc.'s Cross-Motion for Entry of A Protective Order (4/12/2012, Dkt. No. 38).



1

2    DATED:  September 24, 2013          **LILAW INC.**
                                         **ATTORNEYS FOR PLAINTIFF DYNETIX DESIGN**
3                                        **SOLUTIONS, INC.**

4

5                                        By _____/s/ J. James Li_____

6                                              J. James Li, Ph.D.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

