13–1676

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

DYNETIX DESIGN SOLUTIONS, INC.,

*Plaintiff-Appellant*,

v.

SYNOPSYS, INC.,

*Defendant-Appellee.*

---

Appeal from the United States District Court for the Northern District of California
in case no. 5:11-CV-05973-PSG, Magistrate Judge Paul S. Grewal

---

# INTEL CORPORATION'S UNOPPOSED MOTION FOR LEAVE TO INTERVENE

---

> Anthony L. Marks
> Dan L. Bagatell
> PERKINS COIE LLP
> 2901 N. Central Avenue, Suite 2000
> Phoenix, Arizona 85012–2788
>
> Phone:  (602) 351–8000
> E-mail: AMarks@perkinscoie.com
>             DBagatell@perkinscoie.com

Attorneys for Proposed Intervenor Intel Corporation

Pursuant to Federal Rule of Appellate Procedure 27, Intel Corporation moves for leave to intervene in this appeal so that it can address one of the issues that appellant Dynetix Design Solutions, Inc. intends to raise on appeal: whether the trial court should have granted Dynetix's motion to take further discovery from Intel, which was not a party to the case below. Intel takes no position on the merits of the dispute between Dynetix and appellee Synopsys, Inc., but it has a direct interest in protecting itself from additional burdensome discovery demands by Dynetix. Intel intends to participate in the appeal only to the extent Dynetix's principal brief addresses this discovery issue. Intel brings this motion now, at the outset of the appeal, to avoid any disruption to the briefing schedule, and it would expect to adhere to the same filing deadlines as Synopsys.

Intel's counsel has discussed this motion with counsel for both Dynetix and Synopsys, and both have indicated that they do not oppose Intel's intervention for this limited purpose.

## Background

Pursuant to subpoena by Dynetix, Intel produced documents and produced a Rule 30(b)(6) designee for deposition. Dissatisfied with what it got, Dynetix moved to compel Intel to produce a wide variety of additional documents and to force Intel to submit to a second Rule 30(b)(6) deposition. In response, Intel appeared in the district court and opposed the motion. That filing included factual

declarations explaining why Dynetix's demands were unfounded and would impose an undue burden on Intel. After hearing oral argument from both the parties and Intel, the trial court granted Dynetix's motion in part, ordering Intel to produce some additional documents, but denied the rest of Dynetix's motion.

Dynetix intends to appeal that ruling. On October 9, 2013, Dynetix emailed counsel for Intel, stating "[w]e plan to appeal the court's denial of our motion to compel older simulation scripts and of our request for [an] additional deposition of Intel." Consistent with that statement, Dynetix's notice of appeal purports to appeal from the trial court's "Order Re Discovery Motions (4/12/13, Dkt. No. 332)." Likewise, in its Motion for Leave to File Extended Briefs filed in this Court on October 7, Dynetix identified as a ground for appeal the trial court's order "[d]enying Dynetix's motion to compel the nonparty Intel to produce the past simulation scripts and to attend another day of deposition."

Intel now seeks leave to intervene to oppose Dynetix's demand for more discovery from Intel.

**Argument**

Appellate courts often permit nonparties that have prevailed in discovery proceedings to appear as appellees on appeal. *See*, *e.g.*, *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 167 (2d Cir. 2003) (nonparty law firm served with subpoena appeared as appellee); *Am. Sav. Bank, FSB v. UBS Fin. Servs. Inc.*,

347 F.3d 436, 437 (2d Cir. 2003) (nonparty former employees of defendant served with subpoenas appeared as appellees); *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 190 (1st Cir. 2001) (nonparties that successfully quashed deposition subpoenas appeared as appellees); *In re Citric Acid Litig.*, 191 F.3d 1090, 1106-08 (9th Cir. 1999) (nonparties that defeated motions to compel production of documents appeared as appellees).

Although the Federal Rules of Appellate Procedure explicitly provide for intervention on appeal only in cases of direct review of agency decisions (*see* Fed. R. App. P. 15), the Supreme Court has recognized that intervention on appeal may be appropriate in other cases and should be analyzed using the criteria of Rule 24 of the Federal Rules of Civil Procedure. *See Int'l Union v. Scofield*, 382 U.S. 205, 217 n.10 (1965) ("The Federal Rules of Civil Procedure, of course, apply only in the federal district courts. Still, the policies underlying intervention may be applicable in appellate courts.").

Although this Court has not addressed the issue in a published opinion, other circuits have identified four factors to consider in determining whether to allow a moving party to intervene on appeal:  (1) the intervenor must have an interest relating to the property or transaction at issue; (2) the disposition of the case may impair or impede the intervenor's ability to protect that interest; (3) the existing parties do not adequately represent the intervenor's interest; and (4) the motion

must be timely.  *See*, *e.g.*, *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997); *Elliott Indus. LP v. BP Am. Prod. Co.*, 407 F.3d 1091, 1102-03 (10th Cir. 2005); *Sierra Club, Inc. v. EPA*, 358 F.3d 516, 518 (7th Cir. 2004); *Bldg. & Constr. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994); *cf. Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1314-15 (Fed. Cir. 2012) (applying same factors in analyzing intervention under Court of Federal Claims Rule 24(a)).

Intel meets each of these criteria.  First, Intel has a strong interest in ensuring that it is not ordered to comply with additional discovery obligations that would impose significant burdens upon it.  Second, an order by this Court reversing the district court and directing it to allow additional discovery would, as a practical matter, obligate Intel to submit to that discovery.  Third, Intel is better positioned than Synopsys to demonstrate the unfairness and burden that the discovery demanded would impose on Intel.  *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) ("The requirement of [Rule 24] is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.").  And finally, Intel brings this motion now, shortly after the appeal has been docketed and long before Dynetix's opening brief is due, so that Dynetix can draft its brief accordingly and the appeal will not be delayed.  As noted above, Intel agrees to limit its participation to this

– 5 –

issue and to file any brief on the same schedule as Synopsys's response brief. If Dynetix's opening brief does not raise it, Intel will not participate

## Conclusion and Relief Requested

The Court should grant Intel leave to intervene for the limited purpose of opposing Dynetix's arguments that Dynetix should have been allowed to take additional discovery from Intel.

October 21, 2013.                              Respectfully submitted,

PERKINS COIE LLP

by /s/Dan L. Bagatell
    Dan L. Bagatell

Counsel for Intel Corporation

## CERTIFICATE OF INTEREST

Counsel for plaintiffs-appellees certifies the following:

The full name of every party or amicus curiae represented by me is:

Intel Corporation

The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

n/a

All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Intel has no parent corporation, and no publicly-held company owns 10% of more of Intel's stock.

The names of all law firms and the partners or associates that appeared for the party or amicus curiae now represented by me in the trial court or are expected to appear in this Court are listed below.

PERKINS COIE LLP
Anthony L. Marks
Dan L. Bagatell

Dated: October 21, 2013              /s/ Dan L. Bagatell
                                     Dan L. Bagatell

## PROOF OF SERVICE

In accordance with Federal Rule of Appellate Procedure 25 and Federal Circuit Rule 25, I certify that I caused this motion to be served via the Federal Circuit's CM/ECF system on the following counsel for the parties:

| | |
|---|---|
| J. James Li | Chris R. Ottenweller |
| LILAW INC. | ORRICK, HERRINGTON & SUTCLIFFE |
| lij@lilaw.us | cottenweller@orrick.com |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 21, 2013, at Phoenix, Arizona.

/s/Dan L. Bagatell  
Dan L. Bagatell

LEGAL28148654.1